UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL BROWN,<br>      Plaintiff,<br>v.<br>VARNER, et al.,<br>      Defendants. | CIVIL ACTION NO. 3:11-1258<br><br>(Judge Kosik) |



FILED
SCRANTON
OCT 2 6 2012
PER _____
DEPUTY CLERK

**MEMORANDUM**

Before the court is Defendants' Motion for Extension of Summary Judgment Deadline (Doc. 39).  For the reasons which follow, the motion will be granted.

BACKGROUND

Plaintiff, Abdul Brown, an inmate confined at the State Correctional Institution at Forest, Marienville, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983 on July 5, 2011.  The plaintiff's complaint is based on incidents which occurred while plaintiff was housed at the State Correctional Institution at Fayette, LaBelle, Pennsylvania.[1]  In the complaint, plaintiff names twenty-two (22) defendants.[2]  The complaint spans the period from October 2010 through May 18, 2011 and raises claims of harassment, violations of due process arising out of the filing of misconducts and grievances, retaliation, missing/confiscation of property, transfer to a strip cell, subjection to second-hand smoke, deliberate indifference to medical needs and cruel and unusual conditions of confinement.  Plaintiff seeks

---

[1] We note that since the filing of this action, plaintiff has been housed at SCI- Camp Hill and SCI- Forest.

[2] We note that defendant Li was voluntarily withdrawn from this action on December 8, 2011. (Doc. 25).

injunctive relief,[3] damages, and appointment of counsel.[4]

Following the passage of time for discovery and for the filing of dispositive motions, the Magistrate Judge referred the case to the undersigned for the scheduling of a pre-trial conference and trial. On September 21, 2012, Defendants filed a Motion for Extension of Summary Judgment Deadline (Doc. 39). In the Motion, the Defendants assert that a Motion for Summary Judgment could potentially reduce the scope of any trial and would be in the best interest of judicial economy. Further, the Motion states that "Defendants should not be punished due to undersigned counsel's oversight." Defendants assert that granting the enlargement of time will not unreasonably delay the matter or prejudice the rights of plaintiff.

Plaintiff has filed an opposition to the Defendants' request for an extension of the summary judgment deadline (Doc. 44). Plaintiff asserts that Defendants' counsel has failed to serve him with documents filed with the court and that Defendants had enough time to file a Motion for Summary Judgment. Further, he asserts that he never received any discovery or any response to letters he wrote to Defendants' counsel. Finally, he states that he has not received any of his legal property, despite requests, since he was transferred to SCI- Forest.

In considering the Defendants' Motion for Extension of the Summary Judgment Deadline, we have reviewed the documents filed in this action, including the complaint. The case as it now stands has more than twenty (20) defendants, spans seven (7) months, and includes numerous claims. Moreover, plaintiff asserts

---

[3] Because plaintiff has been transferred to a different facility, his request for injunctive relief is moot.

[4] Plaintiff filed a Motion for Appointment of Counsel (Doc. 20), which was denied by the Magistrate Judge on December 30, 2011 (Doc. 31). Plaintiff filed a second Motion for Appointment of Counsel on October 1, 2012 (Doc. 43), which is pending before the court.

that he has yet to receive discovery responses from Defendants' counsel[5] and that he does not have his legal property as a result of his transfer between institutions. Finally, it appears that several of the Plaintiff's claims, and the named Defendants which correspond thereto, fail to state a claim on which relief may be granted.[6] We agree with Defendants that they should not be punished due to counsel's oversight, that it would be in the interest of judicial economy to streamline the instant action, and that there would be no prejudice to plaintiff to extend the deadline for filing a Motion for Summary Judgment.

Plaintiff filed a second Motion for Appointment of Counsel (Doc. 43). We will deny Plaintiff's request at this time for the reasons set forth by the Magistrate Judge in his Order of December 30, 2011 (Doc. 31). However, if circumstances change, the matter may be reconsidered either sua sponte or upon request of plaintiff.

---

[5]Plaintiff makes general references as to discovery requests made to Defendants' counsel. Because these requests are not part of the record, we cannot ascertain the nature or relevance of these requests.

[6]See 28 U.S.C.§ 1915(e)(2):
    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
        (A) the allegation of poverty is untrue; or
        (B) the action or appeal–
            (i) is frivolous or malicious;
            (ii) fails to state a claim on which relief may be granted; or
            (iii) seeks monetary relief against a defendant who is immune from such relief. (emphasis added).