UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ABDUL BROWN,

    Plaintiff,

v.

DORINA VARNER, et al.,

    Defendants.

Civil No. 3:11-CV-1258

(Judge Kosik)

## Memorandum and Order

NOW, this 28th day of August, 2013, it appearing to the court that:

(1) Plaintiff, Abdul Brown, an inmate now confined at the State Correctional Institution at Marienville, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 27, 2011;

(2) This matter is currently assigned to Magistrate Judge Martin C. Carlson;

(3) On July 22, 2013, the Magistrate Judge filed a Report and Recommendation (Doc. 74) in which he recommends that the defendants' motion for summary judgment be granted;

(4) Plaintiff complains that: (1) he was verbally abused in violation of the Eighth Amendment; (2) defendants retaliated against him for filing grievances by fabricating misconduct offenses; (3) he was disciplined for the fabricated misconduct charges; (4) he had property confiscated without due process; (5) he was exposed to secondhand smoke; (6) he was placed in a strip cell without a mattress, legal work, and amenities for nineteen days in retaliation for filing a grievance; (7) he was wrongfully placed on modified food loaf; and (8) he was without water for three days while in the strip cell;

(5) Defendants filed a Motion for Summary Judgment (Doc. 54) on January 14, 2013;

(6) In the extensive and thorough Report and Recommendation, the Magistrate Judge found that the defendants did not violate the plaintiff's Eighth and Fourteenth Amendment rights or retaliate against the plaintiff for filing grievances within the prison system. Additionally, the Magistrate Judge found that the plaintiff did not sufficiently establish an environmental tobacco smoke claim and that the supervisory liability claims fail as a matter of law. The Magistrate Judge also found that all claims against current and former Board and Department officials in their official capacities should be dismissed for failure to state a claim. Alternatively, if there was a constitutional violation, the Magistrate Judge found that the defendants are entitled to qualified immunity;

(7) No objections were filed to the Magistrate Judge's Report and Recommendation;

AND, IT FURTHER APPEARING THAT:

(8) If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a *de novo* review of his claims. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150–53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. See Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

(9) Having considered the Magistrate Judge's Report, we agree with the Recommendation. We find that the defendants did not violate plaintiff's Eighth and Fourteenth Amendment rights or retaliate against the plaintiff for filing grievances within the prison system. We also agree that plaintiff's environmental tobacco smoke claim and supervisory liability claims fail. Additionally, we agree that plaintiff's claims for compensatory and punitive damages against defendants in their official capacity are barred by the Eleventh Amendment.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Martin C. Carlson dated July 22, 2013 (Doc. 74) is **ADOPTED**;

(2) The defendants' motion for summary judgment (Doc. 54) is **GRANTED**;

(3) Judgment is hereby entered in favor of the defendants and against the plaintiff; and

(4) The Clerk of Court is further directed to **CLOSE** this case and to **FORWARD** a copy of this Memorandum and Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge